IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-385 |
| EMILY F. CUSTODIO | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Nancy E. Potts, Assistant United States Attorney for the district, hereby submits this memorandum in connection with the November 5, 2026, change of plea hearing.

## I. BACKGROUND

Defendant Emily Custodio is charged in an indictment with one count of voter fraud, in violation of 52 U.S.C. § 20511(2)(B) (Count One), and one count of voting by an alien, in violation of 18 U.S.C. § 611 (Count Two). The defendant has notified the government through her counsel that she wishes to plead guilty to Count Two of the indictment pursuant to the terms of a written guilty plea agreement.

## II. APPLICABLE STATUTE AND ESSENTIAL ELEMENTS OF THE OFFENSE

To obtain a conviction for voting by an alien, in violation of 18 U.S.C. § 611, the government must prove the following elements beyond a reasonable doubt:

(1) That there was an election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, or Presidential elector;

(2) That the defendant voted in the election; and

(3) That at the time she voted, the defendant was an alien (not a U.S. citizen).

18 U.S.C. § 611. At the time she voted, the defendant must have known that she was not a citizen, and she must have known that the act she performed was an act of voting. She need not have known that voting by a non-citizen is illegal. *See Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012); *United States v. Knight*, 490 F.3d 1268 (11th Cir. 2007).

## III. MAXIMUM PENALTIES

The maximum sentence for a violation of 18 U.S.C. § 611 (Count Two) is one year of imprisonment, one year of supervised release, a $100,000 fine, and a $25 special assessment.

The defendant, who is not a citizen of the United States, understands that her guilty plea in this case may result in her being subject to immigration proceedings, and may result in her being removed from and possibly prevented from ever returning to the United States. The defendant has discussed with her attorney the immigration consequences of her guilty plea. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences of her plea.

## IV. FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would prove the following facts, among others, through witness testimony and exhibits. This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

Emily Custodio is a citizen of the Philippines and is not, and has never been, a citizen of the United States. On July 18, 2020, defendant Custodio applied online to the Commonwealth of Pennsylvania's Department of State to register to vote in Pennsylvania. In doing so, defendant Custodio falsely answered "Yes" to a question that asked whether she was a United States citizen. On her application, defendant Custodio provided her biographical information, such as name, date of birth, and Pennsylvania driver's license number, and listed as her residential

address a street address in Philadelphia County, Pennsylvania. Based on the information provided in her application, including her false answer to the citizenship question, on July 21, 2020, defendant Custodio's application to register to vote was accepted, and she was registered to vote in Pennsylvania.

On November 3, 2020, defendant Custodio appeared in person at her assigned polling place in Philadelphia County in order to cast a vote in the 2020 general election, which included the election for the offices of President and Vice President of the United States. At check-in, the defendant signed the poll book next to her printed name and address and the signature used at the time of her voter registration, as well as the statement, "I hereby certify that I am qualified to vote at this election . . ." After signing the poll book, defendant Custodio cast a vote in the 2020 general election, which included the election for the offices of President and Vice President of the United States. At the time she cast her vote on November 3, 2020, defendant Custodio knew that she was not a United States citizen.

On August 13, 2025, defendant Custodio was interviewed by a U.S. Customs and Immigration Services ("USCIS") officer in connection with her application to become a lawful permanent resident, or a green card holder. The interview was video and audio recorded, and Custodio was with her adult daughter and immigration attorney. Custodio swore to tell the truth. Several minutes into the interview, the USCIS officer asked defendant Custodio the following questions:

> Have you ever told someone that you are a citizen of the U.S.?
>
> Have you ever claimed in writing, or indicated on any government forms that you are a U.S. citizen?
>
> Have you ever registered to vote in the U.S.?

Have you ever voted in a state or federal election in the U.S.?

Defendant Custodio answered "no" to each of those questions. The officer asked her if she had answered the questions truthfully, and she said yes. The officer then confronted the defendant with evidence that she had voted, including the November 3, 2020 poll book sheet the defendant had signed before voting. The defendant denied it was her signature. The officer asked again whether the defendant voted in the 2020 election. The defendant answered, "[N]o, because I knew I couldn't vote because I'm not legal." After the officer asked additional questions about voting, defendant Custodio eventually admitted she did go to the polling place on election day 2020. The officer again asked the defendant about the signature in the poll book, and after she made another false denial that the signature was hers, defendant Custodio said, "Ok [I']ll tell you the truth[. I']m sorry." The defendant then admitted that she did vote in the 2020 general election and had lied to the officer because she was scared that she did something she wasn't supposed to do. The officer asked her if she understood that it is illegal to vote if you are not a citizen, and the defendant answered that she understood that now.

## V. <u>PLEA AGREEMENT</u>

The parties have executed a plea agreement that will be presented to the Court during the hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

## VI. CONCLUSION

The government requests that the Court conduct a hearing under Federal Rule of Criminal Procedure 11 and, if warranted, then accept the defendant's plea of guilty.

Respectfully submitted,

DAVID METCALF
United States Attorney

*s / Nancy E. Potts*
NANCY E. POTTS
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by electronic mail on:

Katrina Young, Esq.
Defender Association of Philadelphia
Federal Court Division
The Curtis Center Building
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
Katrina_Young@fd.org

*s/ Nancy E. Potts*

Date: November 6, 2026

NANCY E. POTTS
Assistant United States Attorney